IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GRACE MOK,

                Plaintiff,

  v.

OPTUM, UNITED HEALTHCARE SERVICES, INC.,

                Defendants.
_____/

No. C 13-4577 RS

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Plaintiff Grace Mok filed this action in October 2013, alleging that Optum, her former employer, discriminated against her on the basis of her national origin, ancestry, race, and color. Mok seeks relief solely under state law, invoking diversity jurisdiction under 28 U.S.C. § 1332. That statute vests federal district courts with original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." *Id.* § 1332(c)(1).

Under Federal Rule of Civil Procedure 8(a)(1), a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the

United States District Court
For the Northern District of California

claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Mok's complaint fails to plead diversity jurisdiction in two respects. First, Mok does not allege that the amount in controversy exceeds $75,000. Her complaint asserts she is entitled to (i) damages for economic loss "in an amount to be shown, according to proof," (ii) special damages in excess of $25,000, (iii) medical expenses, (iv) punitive damages, and (v) attorney's fees and costs. (Compl. ¶¶ 39-43). These allegations do not establish that the amount in controversy exceeds $75,000, nor does the complaint even acknowledge the statutory minimum required for federal diversity jurisdiction. *See* § 1332(a).

Second, Mok does not sufficiently allege the parties are citizens of different states. "Generally, a company is a 'citizen' of at most two states, the state of incorporation for corporations or state of organization for unincorporated associations, and the state where it has its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 (9th Cir. 2009) (footnotes omitted). "Given their limited jurisdiction, federal courts have repeatedly held that a complaint must include allegations of both the state of incorporation and the principal place of business of corporate parties." *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) (citations omitted). Mok, who is purportedly a citizen of California, alleges that defendants Optum and United HealthCare Serivces, Inc. are entities with principal places of business in Minnesota. Her complaint does not, however, address where either entity was incorporated or organized.

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011); *see also In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988), *overruled on other grounds by Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991) (en banc) ("Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing."). Because Mok's complaint lacks "a short and plain statement of the grounds for the court's jurisdiction," it is hereby dismissed with leave to amend. *See* Fed. R. Civ. P. 8(a)(1).

Fong is to file an amended complaint, if any, within twenty days. The hearing on the motion to compel is vacated, subject to renewal by notice in the event a viable amended complaint is filed.

IT IS SO ORDERED.

Dated: 11/26/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE